**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:19-cv-21684-KMM

RONEN NAHMANI,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## **ORDER**

THIS CAUSE came before the Court upon Movant Ronen Nahmani's ("Movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ("Mot.") (ECF No. 1).  The matter was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, *see* (ECF No. 4), who issued a Report and Recommendation recommending that the Motion be denied, ("R&R") (ECF No. 9).  Movant failed to file objections to the Report and Recommendation, and the time to do so has passed.  The matter is now ripe for review.  As set forth below, the Report and Recommendation is ADOPTED.

## I.    LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation."  Fed. R. Civ. P. 72(b)(3).  When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL

12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## II.    DISCUSSION

In the Report and Recommendation, Magistrate Judge Becerra makes the following findings.

As to Claim 1, counsel was not ineffective for failing to object to an improper jury instruction on the scienter element of the Analogue Act because the jury instruction at issue directly mirrored the language in the United States Supreme Court case *McFadden v. United States*, 576 U.S. 186 (2015).

As to Claim 2, counsel was not ineffective for failing to request a unanimity instruction because Movant now "simply asserts that the instructions, all of which were correct, could have led to some confusion that he now attempts to describe," the Eleventh Circuit affirmed the jury instructions on direct appeal, and Movant fails to establish prejudice.

As to Claim 3, this issue, which goes to the length of Defendant's sentence of imprisonment, is now moot because then-President Donald J. trump commuted Movant's term of imprisonment.  And Magistrate Judge Becerra finds that, in any event, Movant's counsel was not ineffective for failing to request an evidentiary hearing as to the computation of the drug weight given that trial counsel litigated the issue of the drug weight at the two-day sentencing hearing.

As to Claim 4, counsel was not ineffective for failing to properly investigate and challenge probable cause supporting issuance of the search warrant executed on Movant's storage unit, as counsel did challenge the search warrant in the district court, on appeal, and again in a post-trial

motion for new trial, arguing the grounds raised in the instant Motion to Vacate.

As to Claim 5, Movant fails to establish his counsel was ineffective with respect to the testimony of Kyle Hurley because his arguments on this point lack citation to the record and amount to bald assertions. And Magistrate Judge Becerra finds that, in any event, Kyle Hurley's testimony was extensively litigated in the district court and on appeal.

As to Claim 6, counsel was not ineffective for questioning potential jurors during *voir dire* about their views and experiences with controlled substances or their analogues, because, beyond to failing to provide citations to the record indicating how *voir dire* was conducted, Movant fails to establish that the outcome of the trial would have been different had *voir dire* been conducted differently.

As to Claim 7, counsel was not ineffective for directing Movant, at the request of the government and pre-indictment, to send an e-mail to an analogue supplier to verify when he last ordered the substance, because his Sixth Amendment right to counsel had not yet attached. And in any event, Magistrate Judge Becerra finds that Movant cannot demonstrate prejudice given the substantial other evidence against Movant presented at trial.

As to Claim 8, Movant's constitutional vagueness claim is procedurally barred because it argues his legal innocence rather than his factual innocence, and in any event Movant's argument has been rejected in multiple Circuits.

Finally, Magistrate Judge Becerra recommends that the Court deny a certificate of appealability.

This Court agrees with the findings and recommendations in the Report and Recommendation and finds no clear error therein.

## VI.    CONCLUSION

Movant has failed to set forth an entitlement to *habeas* relief.  Accordingly, UPON CONSIDERATION of the Motion to Vacate pursuant to § 2255, Respondent's Response, the Report and Recommendation, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Becerra's Report and Recommendation (ECF No. 9) is ADOPTED, Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 1) is DENIED, and no certificate of appealability shall issue.  The Clerk of Court is INSTRUCTED to CLOSE this case.  All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 10th  day of June, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE


c:      All counsel of record